*J. Ryman,* for the appellee.

---

THE BOARD OF COMMISSIONERS OF THE SINKING FUND OF THE STATE and Others *v.* WILSON.

*A.,* the owner of land, mortgaged it to *B.* Subsequently, *C.* recovered a judgment against *A.* *A.* then mortgaged the land to *D.,* he having notice of the previous mortgage; afterwards, *D.* assigned his mortgage to *E.,* the assignee having no notice of the previous mortgage, and this mortgage was recorded on the same day assignment was made. The land was subsequently sold on execution on said judgment to *F.,* with notice of the mortgage held by *B.,* and sheriff's deed made. After the sale, *F.* obtained from *E.* an assignment of the mortgage given to *D.* *Held,* that the previous mortgage was entitled to preference over the judgment and the second mortgage, and that the purchase at sheriff's sale was subject to that mortgage.

Wednesday,
May 30.
APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—*Wilson* filed a bill in chancery against the board of commissioners of the sinking fund. The object of the bill was to establish the complainant's claim to certain lots of ground in *Indianapolis.*

The following are the facts:

On the 16th of *April,* 1838, *Benjamin Prewitt,* being the owner of the lots in question, mortgaged them to the board of commissioners of the sinking fund, to secure a loan of 500 dollars made to him by the board.

On the 25th of the same month, *Samuel Merrill* and

others recovered a judgment, in the *Marion* Circuit Court, against *Prewitt* for 221 dollars and 83 cents.

On the 4th of *May* following, *Prewitt* mortgaged the lots to *Elliot K. Foster* for 333 dollars, with notice to *Foster* of the previous mortgage.

On the 2d of *June*, 1838, *Foster* assigned his mortgage to *John Wood* for a valuable consideration, the assignee having no notice of the previous mortgage before his payment of the purchase-money; and, on the same day, this mortgage to *Foster* was recorded.

On the 22d of *December*, 1838, the board of commissioners caused their mortgage to be recorded.

On the next day, namely, on the 23d of *December*, 1838, the lots in question were sold on execution on said judgment against *Prewitt*, and were purchased by *Wilson*, with full notice of the mortgage held by the board of commissioners.; and the sheriff, a few days after his sale, made a deed for the lots to the purchaser.

On the 12th of *March*, 1841, *Wilson* obtained from *Wood* an assignment of the mortgage given to *Foster;* the assignee having notice of the previous mortgage.

Upon these facts the Circuit Court set aside the mortgage to the board of commissioners, and decreed that the title to the lots should be vested in the complainant. The reason given by the Court for this decree is, that the judgment and the second mortgage, under which the complainant claimed, were both entitled to a preference over the first mortgage.

The complainant contends that he has a right to hold the lots in question, discharged from the mortgage given to the board of commissioners.

He claims this right, in the first place, on account of his purchase of the lots at the sheriff's sale.

The mortgage to the board of commissioners being older than the judgment under which the sale was made, it was entitled to a preference over the judgment. The circumstance that that mortgage had not been recorded at the time the judgment was rendered, makes no difference. That point has been frequently decided by this

May Term,
1849.

The Board of
Commission-
ers, &c.
v.
Wilson.

Court. *Sparks et al.* v. *The State Bank,* 7 Blackf. 469.— *Doe* d. *Abbott* v. *Hurd et al.,* id. 510.—*Orth* v. *Jennings et al.,* 8 id. 420. The complainant was not a *bona fide* purchaser, as he bought with full notice of the prior mortgage. His purchase, therefore, at the sheriff's sale, was subject to that mortgage.

The complainant, in the second place, claims a preference over the first mortgage, on account of the second mortgage which he procured from *Wood.*

There is no doubt but that the second mortgage, in the hands of *Wood,* would have been preferred to the first one, in case of a contest between the two mortgages. The circumstances under which the second mortgage was recorded would have given that preference to *Foster,* the second mortgagee, if he had no notice. R. C. 1831, p. 270. *Foster's* having notice did not affect *Wood,* who was an assignee without notice. 1 Story's Equity, ss. 409, 410. But whilst the judgment was in force, the second mortgage could not be brought in conflict with the first. The reason of that is, the second mortgage being younger than the judgment, could have no preference against an incumbrance to which the judgment was subject.

If, previously to the sheriff's sale, *Wood* had paid off the judgment, he might have then claimed under his mortgage in preference to the prior one. But as he permitted the lots to be sold under the judgment, which was older than his mortgage, the complainant, who was the purchaser, took the lots freed from that mortgage. After that sale, the second mortgage was of no validity whatever. It was extinguished by the sale under a prior incumbrance.

It follows, that the complainant derived no additional claim to the lots by procuring, more than two years after the sheriff's sale, the assignment of the second mortgage.

From this view of the case it appears that the whole of the complainant's claim depends on his purchase at the sheriff's sale; and that purchase, as we have already shown, was subject to the previous mortgage to the board of commissioners.

Something is said in the bill and in the answer as to proceedings by the board of commissioners on their mortgage. But the record, which contains no exhibits or depositions on the subject, does not furnish us with the necessary information to form an opinion relative to the validity or effect of those proceedings.

*Per Curiam.* — The decree is reversed. Cause remanded, &c. Costs here.

*J. Morrison* and *S. Major*, for the plaintiffs.

*O. H. Smith*, for the defendant.